Judge Owsley
delivered the Opinion of tho Court.
The plaintiff below declared against the defendant in four counts in assumpsit, one for money had and received, in a second for money paid, laid out and expended.
In tiie third, he aliedged that the defendant hat] sold and assigned to him a note, without recourse, on acertain Isaac Long, fora valuable considera!;ion, and at the time of the sale and transfer, falsely represented the said Long to be solvent ami able to pay the note, knowing the fact to be otherwise, and that Long bad left the state, and in consideration of thus, having defrauded him, the defendant assumed upon himself and promised to pay so much money as he had received for the note,
In Use fourth count, he all edges il sat tho defendant well knew that said Long was insolvent and unable to pay the note, and yet carefully concealed the fact from him, and sold and assigned the note to him without recourse, and thus defrauded him, and in consideration of-tisis fraud, the defendant assumedj upon himself and promised to pay as much as. he had received for the note.
Instructions to the jury tq thinf"and^6 fourth counts asilijnon ’1 ‘
Assumpsit cannot be ^^accord 0f a fraud, committed by ^or8m:han accord, without satisfaelion’ ^ould to the action for the tort.,
Triplett for plaintiff: Taul for defendant.
On tlie trial of the issue of non-assumpsit, the defondant below moved the court to instruct the jury to disregard the third and fourth counts as faulty: Which instruction the court gave and the plaintiff excepted; and having no evidence to sustain any other count, a verdict and judgment was rendered against him, and to reverse it, he has prosecuted ¿his writ of error.
It is evident that the third and fourth counts s,et put a fraud in the defendant for which the plaintiff was entitled to his action for the tort.
But the fraud itself lays no foundation for an as-sumps it,' except, as the plaintiff alledges that the defendant had accorded the matter and agreed to pay so much for the fraud, on which he has brought Ijis action.
It is laid down in all the books which treat of the subject, that a mere accord, without satisfaction reeeived, is no plea in bar, in the mouth of a defendant vvho is sued in any action to which an accord and satisiaction may be pleaded, and one or the reasons assigned is, that no action lies on such arcord, and therefore it ought not to be a bar for a defendánt. Indeed if it is no defence for a. defendant, it ought not to be cause of action for a plaintiff, ami the rule must hold good both ways, andjt may be considered as well settled, that an accord furnishes no.ground for either cause of action, or defence, and of course the>ourt below did not err in instructing the jury to disregard these counts, and the plaintiff was bound to resort to his action of tort for the fraud. 5, Co. 79,b. Cro. Eliz. 304, 305, Allen vs. Harris, 1. Ld. Raym. 122.
The judgment must, therefore, be affirmed with costs'.